UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

        Plaintiff,                                  Criminal No. 21-cr-20554

v.                                         Hon. Denise Page Hood

ROMELLO JOHNSON,

        Defendant.

_____/

## SENTENCING MEMORANDUM IN SUPPORT OF DOWNWARD VARIANCE

Romello Johnson, 19 years-old, pled guilty to possessing a firearm while being a user of marijuana. Johnson has two prior juvenile adjudications – Possession of a Fraudulent Financial Device when he was 14 years-old and Possession of Stolen Property less than $200 when he was 15. He has no history of violent crime.[1] Johnson's guideline range as calculated by the Probation Department is 27-33 months. He has taken full responsibility for his possession of the gun in this case. Due to Johnson's young age, lack of violent criminal history,

---

[1] The charges against him out of Las Vegas for robbery while armed, conspiracy to commit robbery and possession of stolen property – which were contested by Johnson from the very inception of the case - were dismissed on March 2, 2022. PSR, ¶35.

and need for substance abuse treatment while on supervised release, counsel respectfully requests a downward variance to a term of a year-and-a-day.

### The Sentencing Law

As this Court is well-aware, the law requires a sentence that is "sufficient, but not greater than necessary," while considering the sentencing factors set forth in 18 USC §3553(a).

### A. History and Characteristics of Mr. Johnson & Nature and Circumstances of the Offense

Romello Johnson is 19 years-old.  From the time of his birth, his father was a ghost in his life, rarely present.  He provided practically no actual support – financial or emotional - to the family or to Romello.  See Ex. 2, Letter from Michelle Drane, Romello's mother.  His father has struggled with drug addiction throughout his life and has been unable to hold down a job but continues to reside in the Detroit area.

Romello's mother, Michelle Drane, receives social security income now, but worked to support her children when she was younger.  This left Romello unsupervised at times, which eventually led in part to his juvenile adjudications. After Romello's two juvenile adjudications, when he was 16 years-old, Ms. Drane moved with him to Las Vegas, Nevada, in the hopes of removing him from gang

influences in Detroit. He picked up the instant case while visiting his sister and other siblings in the Detroit area.

Romello's mother describes how this incident has been an awakening for him as to the misery of jail/prison – a place to which Romello never wants to return. She also describes how his siblings and step-siblings have created an action-support network for Romello when he comes home. Ex. 2, *Id*.

His oldest sister, Cedrisha, lives in Las Vegas and works as a teacher. As she notes in her letter to the court, Romello has lots of potential, and an extended time in prison will only suffuse him in the lifestyles and mindsets of criminals who are older, violent and more sophisticated. Prison will be unlikely to work as a form of rehabilitation under these circumstances. See Exhibit 1, Letter from Cedrisha Smith, Romello's sister. Romello is also close with his sister Chelay, who lives and works in Detroit as a hair stylist. He also has a 24 year-old brother, Charlie, who lives in Detroit and is currently in between jobs. Charlie describes what a caring and attentive Uncle Romello is to his niece and nephew. See Exhibit 3, Letter from Charlie Vaughn, Romello's brother. Finally, he has an 11 year-old sister, Lashay Williams, who lives with her father in Detroit. When he is released, he intends on living with Chelay and building a closer relationship with Lashay.

This is a young man with no real work experience and no high school degree or GED, who struggled with hyperactivity and emotional issues in school, but was

never properly diagnosed or treated.  That said, he has his whole life in front of him.  A GED program should be an essential part of his term of supervised release. Romello has also struggled with marijuana and pill addiction.  The initial drug-screen performed by the Probation Department indicated a "severe" need for substance abuse treatment.  PSR, ¶47-48.  As such, another important aspect of supervised release will be for Johnson to get drug treatment – something he has never received in the past.

At 19 years-old, Romello Johnson is not just young – he is significantly younger than defendants normally seen in the Federal system.  Prior to this case, he had never been incarcerated.  The experience of his pretrial detention has been extremely difficult for him.  The range of older, more entrenched criminals who will surround him in prison will not aid his rehabilitation - and will likely hinder it.

While punishment is warranted for this serious offense, there is no reasonable indication that the gun was used in any separate crime, much less by Romello.  This is a straight gun possession case, where the illegality was his use of marijuana while in possession of a gun.  As noted in discovery, and in the PSR, Johnson only sporadically possessed the weapon, usually for rap music video shoots.

For a teenager like Johnson, it is counsel's opinion that rehabilitation must be a substantial and important part of the sentencing decision. He is not a hardened criminal but a young man with great potential.

Proportional sentencing is a crucial aspect of the sentencing analysis. Given that Johnson has never been incarcerated before this case, a sentence of a year and a day in prison would constitute a serious and substantial punishment, with a balance of fairness in proportion to his age and record. Such a sentence would fulfill the purposes of sentencing and balance the factors contained in section 3553(a).

### B. Punishment, Deterrence, And Protection of the Public

A lengthy sentence will provide no added deterrence for others in a mine-run gun-possession case like this one. "The social science literature suggests that potential offenders commonly do not know the law, do not perceive an expected cost for a violation that outweighs the expected gain, and do not make rational self-interest choices." See Paul H. Robinson & John M. Darley, *The Role Deterrence in the Formulation of Criminal Law Rules: At Its Worst When Doing Its Best*, 91 Geo. L.J. 949, 951 (2003); *in accord* Richard S. Frase, *Punishment Purposes*, 58 Stan. L. Rev. 67 (2005).

The Department of Justice's own studies support these conclusions. The certainty of being caught is far more important than the severity of the punishment

imposed when trying to deter crime. *Five Things About Deterrence*, United States Department of Justice, Office of Justice Programs, National Institute of Justice.[2]

Federal District Court Judge James S. Gwin, in conjunction with other Federal Judges in Ohio, performed a study of the recommended sentences of Federal juries following conviction after a trial, as a way of attempting to gauge the legitimacy of the Federal Sentencing Guidelines in the eyes of the community and their ability to generate a just sentence.  The study revealed that "the median Federal Sentencing Guidelines recommended sentence [in this case 30 months] is four and a half times the median juror-recommended sentence [which in this case would be just over **6 2/3 months**]" **after a jury trial**.  See Judge James S. Gwin, *Juror Sentiment on Just Punishment: Do the Federal Sentencing Guidelines Reflect Community Values?* 4 (Harvard Law & Policy Review 2010), at 192.  This study focused on a variety of federal offenses, but particularly scrutinized gun possession cases such as the one here.  Id. at 197.

---

[2] Available at https://nij.gov/five-things/Pages/deterrence.aspx.

## CONCLUSION

For all of these reasons, counsel respectfully requests a sentence of a year-and-a-day with supervised release to follow.   Johnson respectfully requests a recommendation for a designation to Milan to serve his term of incarceration so that he can be near his two sisters who live in the area.

Respectfully Submitted,

**FEDERAL COMMUNITY DEFENDER**

s/ Todd A. Shanker
Attorney for Romello Johnson
613 Abbott Street, 5th Floor
Detroit, MI 48226
313-967-5542
E-mail: todd_shanker@fd.org

Date: April 11, 2022

## CERTIFICATE OF SERVICE

I certify that the foregoing sealed document was filed on April 11, 2022, using the CM/ECF system, resulting in service upon:

| | |
|---|---|
| Barbara Lanning | Wyndi F. Surdu |
| Assistant U.S. Attorney | United States Probation Officer |
| 211 W. Fort Street, Suite 2001 | 231 W. LaFayette Blvd. |
| Detroit, Michigan   48226 | Detroit, MI 48226 |

s/ Todd Shanker

7